## In re Anonymous No. 62 D.B. 78

Disciplinary Board Docket no. 62 D.B. 78.

HARRINGTON, *Member,* August 3, 1979—Pursuant to Rule 208(d)(iii) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board), herewith submits its findings and

recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 9, 1978, respondent was convicted in the United States District Court for the [ ] District of Pennsylvania, on a plea of guilty of the offense of one count of violation of the Act of August 16, 1954, 68A Stat. 851, 26 U.S.C.A. §7203— willfully and knowingly failing to make an income tax return. The matter was referred to the Disciplinary Board December 14, 1978, by order of the Supreme Court pursuant to Rule 214 of the Pennsylvania Rules of Disciplinary Enforcement. The order directed the board to institute formal proceedings against respondent. On January 2, 1979, a petition for discipline was filed by Chief Disciplinary Counsel, which petition set forth the above related facts. Respondent filed an answer in which there were no significant denials.

In due course the matter was assigned to hearing committee [ ]. The matter came before the hearing committee on March 9, 1979, at the Office of Disciplinary Counsel. Respondent was present at all times during the hearing and testified on his own behalf. He was not represented by counsel. At the hearing certain stipulations were entered into, certain pleadings were marked as exhibits and the testimony of respondent was taken. After the testimony was closed, the hearing committee reported its conclusions and recommended that respondent, [Anonymous], be subjected to public censure by the Supreme Court of Pennsylvania.

No exceptions to the report of hearing committee [ ] have been filed by either petitioner or respondent. This board adopts the findings of fact and

conclusions of law of the hearing committee as well as its recommendation and recommends to this honorable court that [Anonymous] be subjected to public censure by the Supreme Court of Pennsylvania.

## II. FINDINGS

Respondent resides in [ ], [ ] County, Pa. He is 43 years of age and is married, separated from his wife, and they have no children. Respondent was admitted to the practice of law in Pennsylvania in 1962. In addition to the law degree conferred on respondent at [ ] Law School in 1960, his other post-graduate academic accomplishments include a master's degree in business administration in 1964.

His professional experience includes association with the firm of [ ], of [ ], as trial counsel. He was employed for a short period of time with [ ] and thereafter was engaged in the general practice of law as an associate with the firm of [ ] in [ ], Pennsylvania.

In the calendar year 1974, respondent earned a gross income of $15,812. He did not file a Federal income tax return for that year although he did file an application for extension of time to file, which was denied.

In the calendar year 1975, respondent earned a gross income of $16,330.68. He did not file a Federal income tax return for that year although he did file an application for automatic extension of time until June 15, 1976.

Sometime later, an investigation was conducted by an agent of the Internal Revenue Service. Respondent cooperated with the investigating agent. He acknowledged his liability for the unpaid tax,

filed the returns and paid the tax for the years 1974 and 1975. Thereafter, respondent was indicted. When arraigned, he pleaded guilty to one count of failing to file his return for the calendar year 1975. The sentence was as follows:

". . . for imprisonment for a period of one (1) year of which the defendant is to be confined in a jail-type institution for a period of thirty (30) days and the remainder of imprisonment is suspended and the defendant is placed on probation for eleven months on condition:

"1. That he pay a fine in the amount of One Thousand ($1,000) dollars in equal monthly installments over the period of probation."

Respondent actually served 11 days of the jail sentence.

Respondent explains his failure to file his tax return by testifying that he was distracted by emotional problems resulting from the death of his father in April, 1975, and further, by employment insecurity. He further testified that he was completely unaware of the serious consequences of failing to file his income tax return.

Respondent lived at his home with his parents for 34 years. After his mother passed away and the other children moved from the family home, he spent considerable time with his father, with whom he enjoyed a very close personal relationship. His father's death in 1975 caused him considerable depression. In addition, the partners in the firm by which he was employed, conducted protracted discussions with other lawyers relating to the formation of new partnership in which respondent would not be employed. For these reasons, respondent testified that he was unable to give his attention to

matters such as preparing and filing his income tax return. He knew that he would have to pay the tax sooner or later but simply thought that he would delay it until he felt better.

## III. DISCUSSION

Under the applicable Rule 214(c) of the Pennsylvania Rules of Disciplinary Enforcement, the board's only concern in the matter is to recommend the final discipline to be imposed. Respondent has admitted failing to file his income tax returns for two years and has admitted pleading guilty to one count of the indictment arising from that failure—a misdemeanor. His excuse for failing to file his returns can easily be believed but even so, they are grossly inadequate.

In the absence of extenuating circumstances therefor, the board is obliged to follow precedents set by the court in similar cases. In the case of Office of Disciplinary Counsel against [Anonymous], No. 70 Disciplinary Board Docket (No. 3 D.B. 74), respondent was charged with failure to file income tax returns for two calendar years. Respondent pled guilty to one of the counts in the information as a result of which he was sentenced to pay a fine of $10,000. The Supreme Court rejected a board recommendation that respondent be suspended from the practice of law for a period of six months and instead directed respondent to be publicly censured for his conduct. See also In the Matter of [Annoymous], No. 87 Disciplinary Board Docket No. 1 (No. 10 D.B. 75). Another similar matter came to the court In the Matter of [Anonymous], No. 86 Disciplinary Board Docket No. 1 (No. 9 D.B. 75), whereupon respondent's conviction for willfully failing to file Federal in-

come tax returns, respondent was sentenced to one year probation and was ordered to pay a fine of $10,000. The hearing committee in the [   ] case recommended public censure, which the board approved, although four members of the board dissented and would have recommended a six-month suspension. The Supreme Court accepted the recommmendation of the board and directed that respondent be publicly censured. See also In re Anonymous, No. 15 D.B. 76, where an attorney failed to file income tax returns for three years, was convicted and fined and was publicly censured. In re Anonymous, No. 9 D.B. 76, 4 D. & C. 3d 388 (1977), where an attorney failed to file an income tax return, was placed on probation and who presented no valid excuse for his actions, was publicly censured by the Supreme Court.

It should be noted that respondent here is charged with violation of the Internal Revenue Code: 26 U.S.C.A. §7203, which is a misdemeanor. Other sections of that code, specifically sections 7201 and 7202, are felonies and deal with the attempt to evade or defeat taxes. For the violation of those sections of the code and after having been convicted thereunder, the discipline of suspension has been imposed, the court obviously feeling that such violations more seriously offend the integrity of the profession and deserve more serious penalties. In re [Anonymous], 23 D.B. 73, affirmed by order of the Supreme Court, dated July 16, 1974, 364 Misc. Dk. 19; In re [Anonymous], 42 D.B. 74, affirmed by order of the Supreme Court, dated October 28, 1975, 477 Misc. Dk. 19; 13 D. & C. 3d 254 (1979); Alker Disbarment Case, 398 Pa. 188, 157 A. 2d 749 (1960); Brodstein Disbarment Case, 408 Pa. 84, 182 A. 2d 181 (1962).

### RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent, [Anonymous], be publicly censured by your honorable court.

Messrs. Anderson and McDonnell did not participate in the adjudication.

### ORDER

EAGEN, *C.J.*, And now, September 11, 1979, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania dated August 3, 1979 is accepted; and it is ordered, that [Anonymous], Esq., be subjected to public censure by the Supreme Court, as provided for in Rule 204(3) of the Rules of Disciplinary Enforcement, at the session of this court commencing March 3, 1980 at Pittsburgh.